810 So.2d 1175 (2002)
Lillian J. SMITH, Plaintiff-Appellant,
v.
RIVERWOOD INTERNATIONAL and Travelers Insurance Company, Defendants-Appellees.
No. 35,727-WCA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*1176 James E. Ross, Jr., for Appellant.
Hudson, Potts & Bernstein, by Jan P. Christiansen, Monroe, for Appellees.
Before NORRIS, KOSTELKA and DREW, JJ.
KOSTELKA, J.
Lillian J. Smith ("Smith") appeals the judgment of the Workers' Compensation Judge (the "WCJ") in favor of Riverwood International ("Riverwood") and Travelers Insurance Company ("Travelers") (collectively, "appellees"), which found that Smith had forfeited her rights to receive workers' compensation benefits by making willful misrepresentations regarding a prior injury. We affirm.

FACTS
The underlying facts of this case were discussed previously in Smith v. Riverwood Intern., 34,514 (La.App.2d Cir.07/11/01), 792 So.2d 863 ("Smith I"). There, Smith brought an action against Riverwood after it refused to pay her workers' compensation benefits or medical treatment costs following an alleged on-the-job injury. In Smith I, we affirmed the WCJ's award of benefits, penalties and attorney fees to Smith.
However, after the initial ruling of the WCJ (and while Smith I was before this court), Riverwood and Travelers filed their *1177 own Disputed Claim for Compensation, alleging that Smith had forfeited her rights to workers' compensation benefits pursuant to La. R.S. 23:1208 due to false statements Smith made at the trial of her claim. On May 3, 2001, the matter again went to trial, this time as to appellees' claim against Smith. Appellees submitted a copy of Smith's testimony from the previous trial, wherein she denied prior problems or treatment for her lower back. Appellees also submitted copies of the medical records of Smith's chiropractor, Dr. Derek Finger ("Dr.Finger"), who treated her for a 1996 back injury resulting from a motor vehicle accident. Also submitted by appellees were Smith's 1998 medical reports wherein she denied any previous back injury. Relying on that evidence and after hearing testimony of Smith, the WCJ determined that Smith indeed had made false statements in the previous trial regarding her earlier medical condition and treatment, that the statements were made for the purpose of obtaining workers' compensation benefits, and that the statements were willful. Thus, the WCJ concluded that pursuant to La. R.S. 23:1208, Smith had forfeited her right to receive workers' compensation benefits and ruled in favor of appellees. This appeal by Smith ensued.

DISCUSSION
The sole issue raised on appeal is whether the WCJ erred in holding that Smith forfeited her right to receive benefits by making willful misrepresentations regarding a prior injury and treatment.
Factual findings in workers' compensation cases are subject to the manifest error/clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.01/14/94), 630 So.2d 706; Nolan v. Rawls Farming Co., 35,086 (La. App.2d Cir.10/31/01), 801 So.2d 524. In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). If the fact-finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551. Reasonable evaluations of credibility and inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, supra; Rosson v. Rust Constructors, Inc., 32,789 (La.App.2d Cir.03/01/00), 754 So.2d 324, writ denied, XXXX-XXXX (La.05/26/00), 762 So.2d 1105. Absent a finding of manifest error of fact or law, the judgment should be upheld. Kelley v. Jack Jackson Const. Co., 32,663 (La. App.2d Cir.12/30/99), 748 So.2d 1270, citing, Banks, supra.
Forfeiture of benefits for misrepresentation is governed by La. R.S. 23:1208, which provides in part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
. . . .
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
This statute authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil *1178 Const. Co., 94-2708 (La.09/05/95), 660 So.2d 7; Smalley v. Integrity, Inc., 31,247 (La.App.2d Cir.12/09/98), 722 So.2d 332, writ denied 99-0072 (La.03/19/99), 739 So.2d 782.
In enacting and amending La. R.S. 23:1208, the legislature made a policy decision that willful and deliberately false statements made specifically for the purpose of obtaining workers' compensation benefits are an attempt to defraud the workers' compensation system and should be dealt with harshly. The legislature has shown a continued effort over the years to make La. R.S. 23:1208 easier to enforce and to make its penalties stronger. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits and this legislative intent cannot be ignored. Rosson, supra.
At the trial of this matter, appellees introduced the transcript from the previous trial wherein Smith made the misrepresentations to the WCJ regarding her previous back injury. Specifically, she was asked by her own counsel:
Q: Had you ever had any problems with your back prior to July of 1998?
A: No, sir.
Q: Have you ever had any treatment for your back prior to July of '98?
A: No, sir.
Also in support of their claim, appellees submitted Smith's 1996 medical records by Dr. Finger, which were prepared by him contemporaneous with his treatment of Smith's earlier back injury. Pursuant to those records, Smith presented to Dr. Finger initially on July 23, 1996 with complaints of lower back pain, among other complaints. According to the reports, Smith was diagnosed with "lumbar sprain/strain," for which Dr. Finger continued to treat her until her last visit on October 16, 1996. Despite the reports made by Dr. Finger, when questioned by the WCJ directly, Smith testified that she never had problems with her back prior to her injury in July, 1998, and that Dr. Finger never treated her back-only her hip and neck.
Additionally, the appellees submitted the medical records of Dr. Rifat M. Nawas ("Dr.Nawas") and Dr. C.R. Hand ("Dr. Hand") at the trial of appellees' claim against Smith. Dr. Nawas examined Smith on July 21, 1998 in connection with her alleged workplace injury. On his medical notes of that date under the heading of "Past History," Dr. Nawas stated that "[Smith] denies having any back problems or back injuries." Dr. Hand subsequently examined Smith on July 27, 1998, also in connection with her workplace accident. His notes reflect that Smith had presented to him with the chief complaint of "back pain," and Dr. Hand's notes also stated, "[Smith] denies a past history of problems with her back...."
In her excellent reasons for judgment, the WCJ considered the mandate of the legislature in enacting La. R.S. 23:1208, as well as the elements set forth in Resweber, supra. Additionally, the WCJ addressed the credibility of Smith versus that of Dr. Finger's contemporaneous medical records. The WCJ reasoned, even giving Smith's testimony "the greatest benefit of the doubt, ..." that she could reach no other conclusion but that Smith had willfully made a misrepresentation in order to obtain workers' compensation benefits.
The record in this case clearly supports the WCJ's finding that Smith violated La. R.S 23:1208 and that the resultant penalty of forfeiture of benefits should apply. Dr. Finger's medical records show that Smith complained of and was treated by him for a lower back injury as a result of her 1996 automobile accident. The trial transcript *1179 shows that the question posed to Smith about any prior back injury was straightforward and not subject to misinterpretation by her. Nor was the questioning limited to the period of time during which Smith was employed by Riverwood, as she argued in brief. The misrepresentation was not inconsequential, but addressed a prior injury to the specific part of her body (i.e., her lower back) that was allegedly injured later on the job. Moreover, Smith had previously and consistently misrepresented her prior history regarding the previous back injury to Drs. Nawas and Hand. Therefore, we conclude that the WCJ committed no error in finding that Smith had violated La. R.S. 23:1208 and she, therefore, forfeited all rights to workers' compensation benefits. See, Bass v. Allen Cannery Company, Inc., 30,635 (La. App.2d Cir.06/26/98), 715 So.2d 142, writ denied, 98-2069 (La.11/06/98), 728 So.2d 395.

CONCLUSION
For the reasons stated above, we affirm the judgment of the WCJ in favor of Riverwood and Travelers at Smith's costs.
AFFIRMED.