911 So.2d 413 (2005)
Glenda JOHNIKIN, Plaintiff-First Appellant
v.
JONG'S, INC., Defendant-Second Appellant.
No. 40,116-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*414 Samuel H. Thomas, Tallulah, for Appellant, Glenda Johnikin.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for Appellee, Jong's, Inc.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Glenda Johnikin[1] appeals from a decision of the Office of Workers' Compensation ("OWC") denying her claim for compensation benefits on the grounds that she falsely denied suffering a prior injury. Ms. Johnikin's former employer, Jong's, Inc. ("Jong's") also appeals, seeking reversal of the OWC's finding that Ms. Johnikin would otherwise be entitled to benefits if she were not disqualified for making false statements. For the reasons stated herein, we affirm.

FACTS
Jong's Supermarket is a deli and market in Lake Providence, Louisiana, owned by Jong's, Inc. Ms. Johnikin was employed at Jong's Supermarket as a cook and cleaner. While working in the kitchen on May 17, 2001, she slipped and fell. Ms. Johnikin said that she was briefly knocked unconscious by the fall and then was transported by ambulance to East Carroll Parish Hospital where she had complaints of back pain. Later that day, still suffering from back pain, she was transferred to E.A. Conway Hospital where she stayed until she was released at midnight.[2] A CT scan of her head was normal.
Subsequently, Ms. Johnikin was treated for back pain by several health care providers. Ms. Johnikin returned on June 6 and June 13, 2001, to E.A. Conway for treatment of her back. She saw her family doctor, Dr. Lawrence Chenier, five times between June 25, 2001, and September 10, 2001, with complaints of back pain. She also saw an orthopedic surgeon, Dr. Doug Liles, seven times during the period from July 2001 through March 2002. Dr. Liles diagnosed Ms. Johnikin with facet arthritis and prescribed Vioxx for her pain, but her symptoms of back pain continued. Dr. Liles referred her for pain management. A second opinion in January 2002 from another orthopedist, Dr. Randolph Taylor, disagreed that pain management was required; instead, Dr. Taylor recommended that Ms. Johnikin lose some weight and undergo work conditioning. Dr. Taylor examined two MRI scans of Ms. Johnikin's back and observed that both scans appeared normal. Dr. Taylor's report indicates, "[s]he denies any prior history of back or neck injury...."
In January 2002, Ms. Johnikin underwent a functional capacity evaluation ("FCE") and was approved for sedentary light work. On March 11, 2002, she was released from Dr. Liles' care. In July 2002, a rehabilitation counselor met with Jong's to develop a return-to-work plan for Ms. Johnikin. On September 30, 2002, Dr. Liles approved the completed plan. On October 7, 2002, Ms. Johnikin returned to work at Jong's where she was asked to "front" shelves, or move merchandise to the front of shelves. She tried to do this *415 for about an hour, but said that she was unable to do the work because it caused her back to hurt. She testified that the pain was so severe that she left work and returned to the hospital for treatment; she claimed that she was hospitalized for three days. The medical records do not show that the claimant was in the hospital at this time. She sporadically continued to seek medical treatment for her back after this date. In November 2002, Dr. Liles recommended that she seek pain management. She underwent one series of injections for the pain in June 2003, but the injections provided her no relief.
Ms. Johnikin made a formal claim for compensation late in December 2002. When the case was called for trial in August 2004, the claimant testified that the injury she suffered at Jong's was the first time she had ever injured her back. Specifically, she testified:
Q: Okay. Now, Ms. Johnikin, you had hurt your back before this day, isn't that true?
A: No, I never had a back injury.
* * *
Q: And it's your testimony under oath that you've never hurt your back before?
A: I have never hurt my back on a job or nothing before, never.
Q: On the job or anywhere else?
A: I've never hurt my back.
* * *
Q: ... Are you aware that your records from the Family Practice Clinic show that you came in there saying you were in a motor vehicle accident on December 9, 1998?
A: That's possible. I have  I told you I had been in a car wreck or something like that, but I never hurt my back.
Q: And are you aware that the records show that you were there complaining of low back pain going down into your legs in 1998?
A: I had gout in my leg  in my foot.
Q: I'm not talking about your foot, ma'am.
A: I'm saying, I told the  I've never had a back injury, never.
Medical records from the referenced clinic (some in the name of Glenda Fields, Ms. Johnikin's married name) show that, on December 29, 1998, Ms. Johnikin came to the clinic complaining of "back pain radiating down legs" as the result of her recent car accident. She was prescribed painkillers. Records from the same clinic from December 31, 1998, state "was in MVA on 9th, not any better, pain in back going down legs." Records from January 6, 1999, show that the claimant returned with a "c[hief] c[omplaint] of lower back & right knee pain which originally started following an MVA 3 weeks ago." She was diagnosed in part as having a lumbar strain.
Further, records from that clinic show that Ms. Johnikin came in on March 14, 2000, with complaints of back pain as the result of a fall on March 8, 2000. The clinic ordered an x-ray of her lumbar spine; the x-ray showed no evidence of fractures, dislocation or abnormal disc spaces. When questioned about the records, Ms. Johnikin said:
I've never had a back injury. I don't know why they would send me for a back injury. I've never had a back injury in my life.
A clinic record from March 25, 2000, states, "[f]ell and got twisted while trying to stabilize herself and got jarred. Has had severe lower back pain since then." When questioned about this, Ms. Johnikin denied that this had happened. Indeed, throughout cross examination, Ms. Johnikin continued to categorically deny any *416 prior back injury despite the many references in the medical records to back pain resulting from her 1998 car accident and her fall in 2000. She said that she had been able to work at the supermarket and stand for eight hours a day until her accident there in 2001. As a result of Ms. Johnikin's testimony, the defendants orally amended their answer to plead a violation of La. R.S. 23:1208, infra; the court allowed the amendment.
After taking the case under advisement, the compensation judge concluded that, but for Ms. Johnikin's testimony denying prior back injuries, she had proven her entitlement to indemnity and medical benefits as a result of her 2001 accident at Jong's. The court found, however, that Ms. Johnikin's denial of prior back injuries was fatal to her claim:
The record is clear that claimant has forfeited her right to receive compensation benefits.... During the trial claimant clearly and unequivocally, and on multiple occasions, denied that she had ever injured her low back before her accident of May 17th, 2001. However, a review of the medical records of the Family Practice Clinic contradicts claimant's statement....
As the records illustrating prior injuries and treatments were revealed to claimant in open court, she continued to deny having injured her low back in the past....
This court is unable to conclude that claimant's denial of prior back injuries was inadvertent or inconsequential. Even in the presence of the records revealing the prior injuries, claimant continued her course of denial. If claimant had suffered a lapse of memory or had simply forgotten about the prior back pain complaints, her memory was certainly refreshed by the medical records of the Family Clinic. However, even when presented proof of the history of her back pain complaints, misrepresentations continued. Therefore, any indemnity or medical benefits owed and due claimant as a result of her May 17, 2001, accident are forfeited.
The court signed a judgment dismissing Ms. Johnikin's claims with prejudice.[3] Both Ms. Johnikin and Jong's appealed from the judgment.

DISCUSSION
The grounds for Jong's appeal are found in the WCJ's reasons for judgment where the judge found that the claimant would be entitled to compensation benefits if she had not violated La. R.S. 23:1208. The judgment, however, simply dismissed Ms. Jong's claim for benefits, and an appeal is taken from the judgment, not the reasons for judgment. See, e.g., Hickman v. Bates, 39,178 (La.App. 2d Cir.12/15/04), 889 So.2d 1249; see also FN 3, supra. Since we are affirming the judgment of the OWC, we do not find it necessary to examine further the OWC's reasons for Ms. Johnikin's entitlement to benefits ab initio.
The workers' compensation statutes have a specific provision concerning fraud vis-a-vis employer inquiries into a claimant's previous injuries. La. R.S. 23:1208.1. The general anti-fraud provision *417 in La. R.S. 23:1208, however, also encompasses statements by the claimant regarding previous injuries. Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. La. R.S. 23:1208 provides, in part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
Forfeiture is a harsh remedy and must be strictly construed. Wise v. J.E. Merit Constructors Inc., 97-0684 (La.1/21/98), 707 So.2d 1214. The requirements for forfeiture of benefits are that (1) there is a false statement or representation, (2) it is willfully made and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Brown v. International Paper Co., 38,892 (La.App. 2d Cir.9/22/04), 882 So.2d 1228. The employer is not required to show that it was prejudiced by the false statement or misrepresentation.
Whether a workers' compensation claimant has forfeited her right to benefits by making a false statement for the purpose of obtaining benefits is a question of fact that will not be disturbed on appeal absent manifest error. Bossier Electric v. Cubley, 35,852 (La.App. 2d Cir.6/14/02), 821 So.2d 685. In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Reasonable evaluations of credibility and inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, supra.
As noted, the medical records show that Ms. Johnikin was involved in a car accident in December 1998 and saw doctors several times subsequently with complaints about back pain radiating down her legs. Further, she slipped and fell in March 2000 and complained to her doctor of "severe" back pain as a result of this fall. Despite the overwhelming evidence of her prior back injuries, the claimant steadfastly persisted in denying that she had ever injured her back. This case is reminiscent of Smith v. Riverwood International, 35,727 (La.App. 2d Cir.2/27/02), 810 So.2d 1175, writ denied, 02-0958 (La.5/31/02), 817 So.2d 101, wherein the claimant violated La. R.S. 23:1208 by downplaying her prior injury status both to her doctors and to the OWC. As in Smith, the questions for the claimant at trial in this case concerning prior injuries were straightforward and not subject to misinterpretation; in fact, Ms. Johnikin was shown the medical records in conjunction with the questions and still denied having previously injured her back. Accordingly, we conclude that the record as a whole supports the trial court's conclusion that Ms. Johnikin violated La. R.S. 23:1208 and, thus, forfeited any benefits to which she may have been entitled.

CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers' Compensation is *418 affirmed. Costs are assessed to Claimant/Appellant, Glenda Johnikin.
AFFIRMED.
NOTES
[1] The compensation claim was filed in the name of Glenda Johnikin, but Ms. Johnikin also sometimes uses her husband's name and is known as Glenda Fields.
[2] Medical records do not reflect these visits to the hospital.
[3] The judgment did not address the WCJ's factual finding that Ms. Johnikin would otherwise be entitled to benefits but for the fraud. The ruling simply dismisses Ms. Johnikin's claims, stating:

IT IS ORDERED, ADJUDGED, AND DECREED that claimant has violated the provisions of LSA-R.S. 23:1208, by making false statements and representations for the express purpose of obtaining benefits under the Louisiana Workers' Compensations Act, resulting in the forfeiture of all benefits as a result of the accident in question.