PER CURIAM.
Granted. Although the court of appeal found the trial court determined the insurer’s duty to defend based on the allegations of relator’s third-party demand, the trial court’s reasons for judgment indicate it relied on the allegations of both plaintiffs’ petition and the third party demand. Because it is unclear whether the trial court could have concluded the insurer had a duty to defend relator based on the allegations of plaintiffs’ petition alone, we will remand the case to the trial court to clarify its ruling. See Steptore v. Masco Construction Company, Inc., 93-2064 (La.8/1894), 643 So.2d 1213.
We further find the court of appeal erred in dismissing relator’s third-party demand insofar as it sought indemnity against Gilchrist Construction Company, LLC. There is no indication this issue was designated as an assignment of error or briefed in the application for supervisory writs filed in the court of appeal by the Gray Insurance Co.
Accordingly, the judgment of the court of appeal dismissing relator’s third-party demand is vacated and set aside. The case is remanded to the trial court for further proceedings consistent with this opinion.