975 So.2d 100 (2008)
Jeraldine ALEXANDER, Appellant,
v.
BROOKSHIRE GROCERY COMPANY, Appellee.
No. 42,855-WCA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
Rehearing Denied February 7, 2008.
*101 Jeraldine Alexander, In Proper Person.
Lemle & Kelleher, by Dale G. Cox, Shreveport, for Appellee.
Before STEWART, GASKINS and MOORE, JJ.
STEWART, J.
Jeraldine Alexander appeals the workers' compensation judge's (WCJ) denial of her claim for indemnity benefits and medical treatment against her former employer Brookshire's. Finding no merit in her claims, we affirm the WCJ.

FACTS
While in the course and scope of her employment at Brookshire Grocery Company ("Brookshire's") as a perishable stocker, Jeraldine Alexander tore her left rotator cuff on May 18, 2004. She underwent two surgeries to repair the tear performed by Dr. John Ferrell.
Following the surgeries, Alexander continued to have shoulder pain. She sought and obtained care with four other orthopedic surgeons-Drs. Talbert, Bilderback, Whyte, and McWilliams. Brookshire's paid for each treatment.
Following the recommendation of one of her treating orthopedic surgeons, Dr. Bilderback, Alexander under went a functional capacity examination (FCE) by Dr. Paul Procell on January 20, 2005. Dr. Procell determined that Alexander could return to work at a job that did not require her to lift or carry more than ten pounds with her left arm. To accommodate Ms. Alexander, Brookshire's offered her a position as a kiosk operator at the gasoline pumps in a letter dated January 28, 2005. The job paid $8.50 and hour and ensured that she would be able to earn two-thirds of her pre-injury wages. In this job, Alexander would do nothing more than sit in a chair all day and punch computer entries to ensure that the gasoline product is maintained and that the customer was given appropriate change for small items offered for sale. Drs. Talbert, Bilderback, and Whyte approved this job. Dr. McWilliams deferred to these physicians and also agreed that Alexander should be able to perform the job.
On February 11, 2005, Alexander fell at her home and injured her left shoulder. Apparently, Alexander related to Brookshire's representative, Randy Modesitt, that she never fell on her left shoulder but rather fell on her right shoulder, but that her left shoulder still hurt as before. The WCJ found this testimony to lack credibility as the medical records from her visit to Willis Knighton following the fall indicated *102 that Alexander only complained of injury to her left shoulder to the emergency room physician, Dr. Fred Willis, Jr.
After Alexander refused the light duty release to gasoline kiosk attendant, Brookshire's refused to reinstate benefits. Alexander began pain management with Dr. Clifton Shepherd from LSUHSC. Dr. Shepherd later left LSUHSC to form his own practice. Alexander selected him as her choice to continue pain management services. However, Brookshire's refused to pay Dr. Shepherd contending that Alexander had selected LSUHSC as her pain management specialist.
The WCJ ruled that Brookshire's was required to pay for Dr. Shepherd's care. However, Dr. Shepherd closed his practice and Alexander sought and obtained treatment from Dr. Kathleen Majors. Brookshire's paid Dr. Majors until she withdrew from treating Alexander because of her noncompliance with the treatment regimen.
Alexander filed a 1008 complaint seeking indemnity benefits and Brookshire's answered citing intentional misrepresentation pursuant to La. R.S. 23:1208. The WCJ rejected both parties' claims and the following appeal ensued.

DISCUSSION
Standard of Review
Factual findings in workers' compensation cases are subject to the manifest error/clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Smith v. Riverwood International, 35,727 (La. App.2d Cir.2/27/02), 810 So.2d 1175, writ denied, 02-0958 (La.5/31/02), 817 So.2d 101. The courts have consistently held that the manifest error standard applies upon appeal in workers' compensation actions, even though the evidence before the trier of fact may consist solely of written reports, records and depositions. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987); Feild v. General Motors Corp., 36,339 (La.App.2d Cir.9/18/02), 828 So.2d 150. See also, Shephard on behalf of Shephard v. Scheeler, 96-1690 (La.10/21/97), 701 So.2d 1308; McGill v. Cochran-Sysco Foods, 35,898 (La.App.2d Cir.5/8/02), 818 So.2d 301, writ denied, 02-1609 (La.9/30/02), 825 So.2d 1196; Haile v. City of Monroe, 31,315 (La.App.2d Cir.12/14/98), 722 So.2d 1192; Darbonne v. Wal-Mart Stores, Inc., 00-551 (La.App. 3d Cir.11/2/00), 774 So.2d 1022.
Release to Work
Alexander claims that she was never given the option to consult with a physician of her own choosing before being ordered to return to work by Brookshire's in violation of La. R.S. 23:1121(D). She asserts that Brookshire's claim that they had probable cause to order was based on a faulty FCE, and its failure to follow La. R.S. 23:1121(D) was arbitrary and capricious. We find no merit in these claims. Brookshire's paid for Alexander's treatment through four orthopedists and the conclusion of each was that her pain may be real, but she is greatly magnifying and exaggerating her physical impairment related to the pain. The record is clear in its demonstration that Brookshire's went to considerable lengths to accommodate Mr. Alexander's physical limitations. There is no merit to this claim.
Inconsistent or Fraudulent Statements
Alexander contends that the WCJ erred in his determination that she made numerous inconsistent statements in pursuit of this claim and that these statements negatively impacted the court's assessment of her credibility. She contends that this finding has no basis in fact as her statements *103 do not rise to the level of misrepresentation under La. R.S. 23:1208.
The WCJ determined that Alexander's inconsistent statements negatively impacted her credibility, but did not amount to intentional or fraudulent representations necessitating a forfeiture of benefits under 23:1208. We find no error in this determination.
Intentional Infliction of Emotional Distress
Alexander contends that Brookshire's intentionally violated her rights under the Worker's Compensation Act causing her undue stress and depression. Because of Brookshire's actions, she asserts that she was improperly ordered back to work and the pain she endured prompted her to attempt suicide. But for Brookshire's actions, she would not have contemplated this course of action. As such she is entitled to compensation for mental injury under the Worker's Compensation Act.
La. R.S. 23:1021(8)(c) allows an injured worker to claim mental injury caused by a job-related injury or physical stress. Alexander claims neither. She contends that Brookshire's conduct at trial and the trial court's order releasing her to return to work are the factors that caused her to suffer injury. Neither gives rise to compensable injury under the statute.
The WCJ properly found that Ms. Alexander's mental health issues were not compensable under the Worker's Compensation Act. The record shows that Ms. Alexander had a considerable history of mental issues. In fact, the testimony reveals that Alexander had a similar cycle in Colorado, where she exhibited a right shoulder injury, continuing and increasing pain, and resulting mental health problems such as those complained of in the instant case.
Penalties and Attorney Fees
We find that WCJ properly found that Brookshire's should not be forced to pay penalties for its denial of benefits and actions in contravention of the Workers' Compensation Act. Alexander contends that the WCJ's ruling denying her indemnity benefits, penalties and attorney fees should be reversed because she was physically unable to work. The WCJ properly determined that Alexander sustained a left rotator cuff tear as the result of a job-related accident at Brookshire's but that the accident did not cause the reflex sympathetic dystrophy that she complains of. Alexander was ordered to return to work within the restrictions recommended by Mr. Procell and approved by three of her treating physicians.
The WCJ not only determined that Alexander does not suffer from the sympathetic reflex dystrophy, but that she exaggerates and magnifies her pain. The WCJ properly found that she was not a credible witness. The WCJ found that she could not earn 90 percent of her pre-injury wage and was entitled to supplemental earnings benefits, but also noted that Brookshire's had offered suitable employment within the needed restrictions. Simply stated, the WCJ properly determined that Alexander did not establish an entitlement to temporary total disability or permanent total disability. She must prove by clear and convincing evidence that she is unable to work in any gainful employment. The medical evidence submitted in the record demonstrated that Alexander could return to light duty but was a malingerer.
With respect to the penalties and attorney fees, the WCJ expressly found that the plaintiff's lack of credibility was a sufficient basis upon which it could resist this claim. As such, plaintiff's claims are without merit.

*104 CONCLUSION
Based on the above and foregoing, we affirm the WCJ's ruling denying indemnity benefits to Ms. Alexander. Cost assessed to appellant.
AFFIRMED.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.