975 So.2d 720 (2008)
Ralph T. BARNES, Plaintiff-Appellant,
v.
RIVERWOOD APARTMENTS PARTNERSHIP and The City of Monroe, Defendants-Appellees.
No. 42,912-CA.
Court of Appeal of Louisiana, Second Circuit.
February 6, 2008.
Anthony J. Bruscato, Monroe, for Appellant.
Hudson, Potts & Bernstein, LLP by Mark J. Neal, Monroe, Donald H. Zeigler, III, for Appellees, Riverwood Apartments Partnership & Shelter Mutual Insurance Co.
Nanci S. Summersgill, for Appellee, City of Monroe.
Before WILLIAMS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
In this case, appellant, Ralph T. Barnes, assigns as error, inter alia, that the trial court allowed Riverwood Apartments Partnership ("Riverwood") to withdraw a judicial confession of ownership of a strip of property where an alleged defective condition existed that caused Mr. Barnes to be injured. He further assigns as error the jury's finding that the strip was not part of the "leased premises" for purposes of Riverwood's liability. Mr. *721 Barnes also challenges the jury's award of damages in the amount of only $5,000 for past medical expenses as being internally inconsistent. The final judgment of the trial court was in favor of Riverwood and its insurer, dismissing the claims of Mr. Barnes, but the judgment also incorporated jury interrogatories which allocated fault one-third to each of three defendants and awarded $5,000 in special damages. Our review leads us to conclude that this is an indeterminate judgment. Accordingly, we vacate the erroneous judgment and remand the matter back to the trial court.

FACTS
While walking in a grassy common area of Riverwood Apartments next to Deborah Lane in Monroe, Mr. Barnes stepped in an area where grass covered a hole or cavity (like a bridge) over a drain pipe/eroding leaking area. As a result, Mr. Barnes sustained injuries and sued Riverwood and the City of Monroe for damages. The case resulted in the first appeal in this matter, Barnes v. Riverwood Apartments Partnership, 38,331 (La.App.2d Cir.4/7/04) 870 So.2d 490, writ denied, 04-1145 (La.6/25/04) 876 So.2d 845 ("Barnes I"). At all times during the initial litigation, it was "assumed," and it was stated and referenced in pleadings and in this court's opinion, that Riverwood owned the property where the hole was located. The hole was located adjacent to Riverwood's sign and was treated as a common area of the apartment complex. Actual ownership of the grassy section was not at issue in Barnes I. Riverwood filed pleadings stating that the grassy area was used as part of the common area of the complex. In footnote 2 of Barnes I, this court noted that "[t]he hole was located on Riverwood's property adjacent to Deborah Drive." The result of Barnes I was a remand. While preparing for trial on remand, however, Riverwood changed its position on ownership of the area where the hole was located. Simply stated, Riverwood discovered that Deborah Lane was not constructed to the 60 foot width as set forth in the original plat. Instead, Deborah Lane was only constructed to be 36 feet in width. The issue then arose concerning the ownership of the strip of land that was not used in the construction of Deborah Lane.
Barnes I was rendered April 2005. On remand, the trial court set a discovery cutoff of February 25, 2005. Trial was set for May 9, 2005. On April 22, 2005, Riverwood asserted that it did not own the grassy area where Mr. Barnes fell. Mr. Barnes filed a motion to prohibit Riverwood from withdrawing its "judicial confession" of ownership. Riverwood then filed a motion for summary judgment with an affidavit attached from a title expert denying ownership of the grassy strip of land. Both motions were denied by the trial court. Another motion for summary judgment was filed by Riverwood and was denied. Mr. Barnes then filed a motion in limine requesting the court to decide the issue of title as an issue of law rather than fact, which was denied. Both parties then filed untimely amendments to their respective witness lists adding title experts. Riverwood's expert was allowed. Riverwood filed a motion to strike Mr. Barnes' expert, which was granted.
After hearing the evidence, the jury answered a document entitled "Interrogatories to the Jury" in which they made the following findings:
 The City of Monroe owned the property on which Mr. Barnes' injury occurred.
 The area on which the injury occurred was not part of the leased premises.
 Riverwood did have the care, custody and control of the property where the cave-in occurred.

*722  Mr. Barnes did not prove by a preponderance of the evidence that Riverwood should have known of the unreasonably dangerous condition.
 The defective and unreasonably dangerous condition did cause injury to Mr. Barnes.
 Riverwood did not prove by a preponderance of the evidence that Mr. Barnes was negligent.
In a separate interrogatory, the jury then allocated 33 1/3 percent fault each to Mr. Barnes, Riverwood and the City of Monroe. Finally, the jury awarded $5,000 for past medical expenses. The interrogatories, and the answers thereto, were incorporated into the trial court's final judgment, which, following the interrogatories, continued to read, "[f]or the reasons expressed in the foregoing Interrogatories, the court enters Judgment in favor of Riverwood and Shelter, dismissing plaintiff's claims at plaintiff's cost." (Emphasis ours.)
This final judgment presents two inconsistent outcomes. Under the jury's interrogatories, the fault is allocated equally among the three parties and Mr. Barnes will receive from Riverwood at least a portion of the $5,000 special damage award. Reading further in the final judgment, however, the trial court rules in favor of Riverwood and its insurer and dismisses Mr. Barnes' claims thereby indicating that Mr. Barnes would receive no damage award.
Notably, in the case sub judice, there was no motion for judgment notwithstanding the verdict requesting that the judgment be vacated due to internal inconsistencies within the jury's answers to the interrogatories. A motion for J.N.O.V. is not necessary, however, in cases where the jury's answers to interrogatories are patently inconsistent. In such case, a trial court is directed either to return the matter to jury for further consideration or to order a new trial, but shall not direct entry of judgment. Caldwell v. Let The Good Times Roll Festival, 30,800-30,804 (La. App.2d Cir.8/25/98), 717 So.2d 1263, writ denied, 98-2489 (La.11/25/98) 729 So.2d 566. La. C.C.P. art. 1812 sets forth the procedure for a jury to return a "special verdict." Article 1812 states that "[t]he court shall enter judgment in conformity with the jury's answers to [the interrogatories]." Further, La. C.C.P. art. 1813 provides, in pertinent part:
D. When the answers [to interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury for further consideration of its answers and verdict, or may order a new trial.
E. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial.
In the instant case, we find that the trial court erred by entering judgment "for the reasons expressed" in the inconsistent answers to the interrogatories of the jury.
The general rule is that an appeal is from a judgment and not the reasons for judgment. Johnikin v. Jong's, Inc., 40,116 (La.App.2d Cir.9/21/05), 911 So.2d 413, writ denied, 05-2251 (La.2/17/06), 924 So.2d 1020. A final judgment must be precise, definite and certain. Williams v. Enriquez, 40,305 (La.App.2d Cir. 11/17/05), 915 So.2d 434, citing Security Nat'l Partners, Limited Partnership v. Baxley, 37,747 (La.App.2d Cir 10/29/03), 859 So.2d 890. "If the claim addressed by *723 a purported final judgment is indeterminate, a judgment setting aside the judgment on appeal and a remand have been employed in this jurisprudence." Williams, supra. As we explained in Williams, where, as here, there are two possible outcomes from an indeterminate judgment, which the trial court can clarify, it is appropriate for this court to remand the matter for clarification. We find this to be especially appropriate where one of the potential outcomes is dismissal of plaintiff's claims.

CONCLUSION
For the foregoing reasons, the judgment is vacated and the matter is remanded to the trial court for clarification of the judgment on liability and damages, if any, or for further proceedings consistent with this opinion. Costs of appeal are assessed equally to the parties.
JUDGMENT VACATED AND MATTER REMANDED TO THE TRIAL COURT.