978 So.2d 1213 (2008)
Gregory M. TAYLOR, Plaintiff-Appellee
v.
TOMMIE'S NOVELTY GAMING, L.L.C. and Bridgefield Casualty Insurance Company, Defendants-Appellants.
No. 43,104-WCA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
The Smith Law Office, L.L.C., by Eskridge E. Smith, Jr., Bossier City, Linda L. Smith, for Appellants.
Gregory M. Taylor, In Proper Person.
Daniel Steven Wanko, Jr., Slidell, for Appellee U.S. Specialty Ins. Co.
Before CARAWAY, PEATROSS and LOLLEY, JJ.
CARAWAY, J.
The ruling of the workers' compensation judge ("WCJ") in this matter resulted upon remand of this case by the Louisiana Supreme Court in Taylor v. Tommie's Gaming, 2004-2254 (La.5/24/05), 902 So.2d 380 (hereinafter "Taylor I"). The remand ruling directed the continuation of the trial on the employee's claim for benefits and the reconventional demands of the employer's insurers against the employee for fraud. Upon remand, the employee moved to dismiss his claim and the entirety of the case. The WCJ granted the employee's request over the objection of the employer and one of its insurers, which now appeal the dismissal of their reconventional demand. The WCJ was in error, and we reverse.

Facts and Procedural History
This case involves two work-related accidents alleged by Gregory M. Taylor ("Taylor") while employed by defendant Tommie's Novelty Gaming, LLC ("Tommie's"). The first injury involved a work-related motor vehicle accident on November 9, 2000, resulting in the herniation of disks in Taylor's neck for which surgery was ultimately performed. The workers' compensation insurance carrier at that time, U.S. Specialty Insurance Company ("US Specialty"), paid Taylor medical and indemnity benefits totaling $40,432.12 for the first accident claim. Several months after Taylor returned to work during May, 2001, Taylor claimed he re-injured himself while moving equipment on September 14, 2001. When the second injury occurred, Tommie's workers' compensation carrier had been replaced by Bridgefield Casualty Insurance Company ("Bridgefield"). Both carriers defended Taylor's claim and at trial, the WCJ determined that for the *1215 purposes of La. R.S. 23:1208(D), Tommie's first learned of Taylor's fraudulent conduct during his deposition on September 17, 2002.
Tommie's and Bridgefield, on the one hand, and U.S. Specialty on the other, asserted separate reconventional demands for forfeiture of benefits based on Taylor's alleged false statements made for the purpose of obtaining workers' compensation benefits, in violation of La. R.S. 23:1208. In addition to their right to restitution, defendants claimed all reasonable costs of investigation and litigation.
The original trial occurred on April 15, 2003. Taylor was the sole witness who testified. After direct examination by his counsel, and cross-examination by both opposing counsel, Taylor was again examined by his lawyer on redirect. Counsel for Tommie's and Bridgefield conducted recross examination. At the conclusion of this examination, U.S. Specialty's attorney moved for an involuntary dismissal, arguing that because of Taylor's overall lack of credibility and his established false assertions, forfeiture of his rights to benefits was undeniable. Nevertheless, Taylor's counsel objected to the involuntary dismissal, arguing that the presentation of Taylor's case was not yet concluded. Tommie's and Bridgefield joined in the motion for involuntary dismissal.
After briefly taking the matter under advisement, the WCJ ruled from the bench and granted the defendants' involuntary dismissal. The WCJ also awarded the insurers restitution for their payments of benefits and certain expenses of the litigation. This court later affirmed the WCJ's involuntary dismissal while reversing in part and affirming in part the restitution judgments in Taylor v. Tommie's Gaming, 38,568 (La.App.2d Cir.6/25/04), 878 So.2d 853.
The procedural ruling of the WCJ for involuntary dismissal was ultimately reversed by the Louisiana Supreme Court in Taylor I, supra, as follows:
The [Office of Workers' Compensation ("OWC")] grant of defendant's motion for involuntary dismissal was premature under La. C.C.P. art. 1672(B). The clear language of the article itself and the jurisprudence interpreting the article dictate that the plaintiff must be given the opportunity to conclude the presentation of his case before a motion for involuntary dismissal may be heard. Taylor was not allowed to finish presenting his evidence; thus, the motion for involuntary dismissal was untimely.
For the reasons expressed herein, the judgments of the lower courts are reversed. The matter is remanded to the OWC for plaintiff to present any remaining witnesses or other evidence and to conclude his case, then for the remaining parties to present such evidence as they choose.

Taylor v. Tommie's Gaming, supra, at 384.
The trial date on remand was scheduled for May 21, 2007. A few weeks after the original March, 2007 trial date was upset, Taylor's counsel withdrew from his representation of Taylor. On May 8, 2007, Taylor moved pro se for dismissal of his entire claim. The hearing on the motion to dismiss was set for the same day as the trial. US Specialty made no appearance. After argument, the OWC granted Taylor's motion and dismissed his claim with prejudice. The reconventional demand asserted by Bridgefield was dismissed without prejudice. Tommie's and Bridgefield appeal the OWC judgment.[1]

*1216 Discussion

Appellants assign as error the WCJ's dismissal of their reconventional demand against Taylor, which they argue is a separate, incidental and compulsory demand pursuant to La. C.C.P. arts. 1031 and 1061.
Forfeiture of benefits for false statements is governed by La. R.S. 23:1208, which provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * * * *
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
* * * * *
(4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by [the] workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
There need be no showing of prejudice on the part of the employer prior to the forfeiture of any employee's benefits under Section 1208. Resweber v. Haroil Constr. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. When the statute is satisfied, benefits will be forfeited for the sole reason that the claimant has willfully and deliberately attempted to defraud the workers' compensation system, and no further requirements are to be imposed. Johnikin v. Jong's Inc., 40,116 (La.App.2d Cir.9/21/05), 911 So.2d 413.
The original, exclusive jurisdiction over all claims or disputes arising under the workers' compensation act, including but not limited to employer demands for recovery for overpayment of benefits, is vested in the OWC judge. La. R.S. 23:1310.3(E). The controversion of a claimant's entitlement to workers' compensation benefits based upon willful false statements or representations is integrally related to the judicious administration of workers' compensation claims. Clarendon Nat'l Ins. Co. v. Weston, 97-1089 (La.App. 1st Cir.5/15/98), 712 So.2d 628.
If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action. La. C.C.P. art. 1039.
*1217 In the present ruling of the WCJ, no legal basis for the dismissal of the reconventional claim of Tommie's and Bridgefield was given. The plaintiff, Taylor, may voluntarily dismiss his claim for benefits, but he also offers no legal authority for the dismissal of the reconventional action. The remand ordered by the Louisiana Supreme Court effectively placed these parties back into the middle of an ongoing trial, where both the principal demands of plaintiff and the reconventional action of the defendants were in the process of adjudication. That adjudication, insofar as it pertains to the reconventional demands asserted by Tommie's and Bridgefield, should continue despite the dismissal of the principal action. La. C.C.P. art. 1039. The action in reconvention by defendants Tommie's and Bridgefield was improperly dismissed and the judgment of the OWC is reversed.

Conclusion
For the above reasons, the judgment of the Office of Workers' Compensation insofar as the reconventional demand of Tommie's and Bridgefield is reversed. Costs of the appeal are assessed to Gregory M. Taylor.
REVERSED.
NOTES
[1] US Specialty makes no appeal of the dismissal of its reconventional demand.