981 So.2d 294 (2008)
Tequila SHYNE, et al., Plaintiffs-Appellees,
v.
RED RIVER MARINE INSTITUTE, INC., et al., Defendants-Appellants.
No. 43,476-CA.
Court of Appeal of Louisiana, Second Circuit.
May 30, 2008.
Ungarino & Eckert, L.L.C. by Matthew J. Ungarino, David I. Bordelon, Metairie, Seabaugh, Benson, Keene, Denny & Gerhardt by Bryce J. Denny, Shreveport, for Appellant, Larry Thomas.
Joseph A. Gregorio, for Appellees, Tequila Shyne and D.B.
*295 Geiger, Laborde & Laperouse LLC by Andrew A. Braun, New Orleans, for Appellee, Lexington Insurance Company.
Lunn, Irion, Salley, Carlisle & Gardner, by Penny N. Nowell, Shreveport, for Appellee, Red River Marine Institute, Inc., Associated Marine Institutes, Inc., and Assoc. Marine Institutes Foundation, Inc.
Patricia Williams, In Proper Person.
Billy West, In Proper Person.
Before WILLIAMS, GASKINS, CARAWAY, PEATROSS and MOORE, JJ.
Rehearing denied.
CARAWAY, J., dissents with written reasons.
CARAWAY, J., dissenting.
I respectfully dissent in the court's dismissal of this appeal and refusal of rehearing.
In this case, the plaintiff alleges a tort action against six defendants. When three of the defendants did not answer and default judgment procedure was followed, the trial court rendered this default judgment after the confirmation hearing. The court ordered that there be judgment against the three defendants in plaintiffs' favor in the amount of $575,000. The judgment made no allocation of fault of the three tortfeasors as required by La. C.C. art. 2323 and addressed no issue of fault of the remaining three defendants who had answered.
One of the three defaulted defendants, Larry Thomas, has appealed. The majority has now summarily dismissed the appeal of the default judgment as a partial final judgment with the following ruling:
Upon review of the parties' responses to this court's rule to show cause, this court concludes that the judgment below is a partial final judgment which is not suitable for immediate appeal under La. C.C.P. art. 1915(A). Further, this court concludes that certification of this judgment under La. C.C.P.1915(B) would be inappropriate under the factors discussed in Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir.1975), cited by this court in Banks v. State Farm Insurance Co., 30,868 (La. App.2d Cir.3/5/98), 708 So.2d 523. Accordingly, this appeal is hereby dismissed for want of jurisdiction.
The mixing of the default judgment procedure with the limited allowance for partial judgments under Article 1915(B) is improper.
A default judgment has always been defined by the Code of Civil Procedure as a final, non-partial judgment. The more recent expansive amendment to Article 1915(B) of the Code in 1999 allowing partial judgments does not list default judgments in the category of rulings that may address less than all claims in the plaintiff's case. Instead, the procedural rules for confirmation of the default continue to require the plaintiff to produce sufficient evidence for all essential allegations made against the defendant in the petition for the establishment of a prima facie case. La. C.C.P. art. 1702; Nickens v. Patriot Home Systems, 97-0291 (La.App. 1st Cir.6/29/98), 713 So.2d 1179. The judgment of default therefore "shall not be different in kind from that demanded in the petition." La. C.C.P. art. 1703. The plaintiff must present evidence at confirmation that convinces the court that it is probable that he would prevail at trial on the merits. Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662.
There is no entitlement to a default judgment absent strict compliance with the procedural requirements of the Code. *296 Nickens, supra; Horne v. Lowe's Home Improvement, 35,683 (La.App.2d Cir.2/27/02), 810 So.2d 1235. Such strict review of the circumstances underlying the judgment is due to the general policy consideration, weighing in the defendant's favor, that every litigant should be allowed his day in court. Lamb v. Lamb, 430 So.2d 51 (La.1983); Campbell v. Select Car Co., Inc., 38,443 (La.App.2d Cir.5/12/04), 874 So.2d 391, writ denied, 04-1747 (La.10/15/04), 883 So.2d 1057. Moreover, the Official Comment to Article 1703 recognizes that "a defendant may not decide to defend as to a particular prayer for relief, whereas he would defend if relief beyond the prayer was available." The plaintiffs' prayer in this case was for six defendants to share the fault, and instead, no allotment was made.
From these specific articles governing default and the rulings of the jurisprudence, there is no such thing as a partial default judgment with the allowance for proof of a partial prima facie case. An essential element of this comparative fault action as alleged in the petition was that six parties, including Thomas, were negligent. From the petition as governed by our law of comparative fault, Thomas could expect that his liability exposure would be reduced by the combined percentages of fault of the other five defendants. The judgment shows that no allocation of fault was made against the three defaulted defendants. The judgment indicates that no evidence of the fault of the remaining three defendants was presented to the trial court. The judgment therefore on its face, for whatever reason, does not show that every essential element of the plaintiffs' case was proven and adjudicated at the confirmation hearing. Cf. Gresham v. Production Management, Inc., 02-1228 (La.App. 1st Cir.2/11/04), 868 So.2d 171, writ denied, 04-0650 (La.5/7/04), 872 So.2d 1082 (where the court affirmed a default judgment against one of multiple defendant tortfeasors who was assigned 90% of the fault).
By the majority's response to this deficient ruling, it has now created a new hybrid default judgment, unappealable and uncertifiable under Article 1915(B), presumably because of the substantial relationship between the partially-adjudicated finding of fault on three of the defendants and the unadjudicated allocation of fault of all six defendants. See, R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113. This application of Article 1915 to a default judgment will also allow the trial court, pursuant to subsection (B)(2) thereof, to "revise" its grant of the default judgment "at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all parties." This hybrid default judgment is therefore interlocutory and can be completely revised away. On the other hand, the partially defaulted defendant, Thomas, may now answer the suit and presumably assert comparative fault as an affirmative defense which might ultimately reduce his liability for the $575,000 partial default judgment.
When the majority's reach for the partial judgment procedure is properly discarded, this default judgment must be measured by the Louisiana test that final judgments "be precise, definite and certain." Official Comment (a), La. C.C.P. art. 1918; Barnes v. Riverwood Apartments Partnership, 42,912 (La.App.2d Cir.2/6/08), 975 So.2d 720. It is uncertain what portion of the $575,000 judgment Thomas must bear. The proper recourse for such error of substance within a judgment is a timely application for new trial or a timely appeal. Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692. If the claim addressed by a purported final judgment is indeterminate, a judgment setting *297 aside the judgment on appeal and a remand have been employed. Barnes, supra.
This law for indeterminate final judgments is the appropriate remedy for dealing with this default judgment which the majority has recognized as deficient. An ordinary appeal should apply this law and reverse the default judgment. This will not be the first reversal of a default judgment which was obtained without strict compliance with the rule of sufficient proof for a prima facie case. That prima facie case is not the same as the partial prima facie case which the majority's ruling now sanctions.