LOLLEY, J.,
dissenting.
|TI respectfully dissent from the ruling of the majority in this matter. I remain of the opinion that defendant Riverwood and possibly defendant City of Monroe are liable for the serious injuries suffered by plaintiff.
This is the third time the issues of this case have been debated by this court. First, we considered this case in Barnes v. Riverwood, Apartments Partnership, 38,-331 (La.App. 2d Cir.04/07/04), 870 So.2d 490, writ denied, 2004-1145 (La.06/25/04), 876 So.2d 845 (Barnes I). After remand to the trial court this court again addressed the issues in Barnes v. Riverwood Apartments Partnership, 42,912 (La.App. 2d Cir.02/06/08), 975 So.2d 720 (Barnes II). Unfortunately, we continue to address the issues of this case yet again.
I am of the opinion that the ruling of this court in Barnes I was the correct analysis of the issues surrounding the incident which led to the serious injuries suffered by plaintiff.
In the present opinion, which I must assume will become known as Banes III, the majority makes major emphasis over the location of the hole plaintiff stepped off into and suffered the injuries. The emphasis was that the hole, covered by sod, was located at or near the edge of the street (Deborah Drive) where the apartment complex is located and thus at the outer edge of the City of Monroe’s right of way. Accordingly, the majority is stating *370 that no one, especially lessees, should have any reasonable ^expectation of safety while traversing any common area of the complex whatsoever.
I am of the opinion that it does not matter where the hole was located in relation to the rest of the complex or whether the buildings of the complex faced away from the street and most especially that the area where the incident occurred was, according to the management of River-wood, where the residents walked their pets. This area, along Deborah Drive, was what would be considered a common area, maintained by Riverwood or a lawn contractor, and obviously held out for reasonable and safe use by the lessees. Even in this area, a common area, plaintiff had every reasonable expectation of being able to traverse it without unreasonable risk and ultimate injury.
The area of the apartment complex in question faces generally north along Deborah Drive in Monroe, Louisiana. As pointed out in Barnes I this area is, literally, drained and reclaimed swampland developed since the mid-1980s. Both the City of Monroe and the landowners should have been more than well aware of the topography and soil composition of this area. As pointed out in Barnes I, there was evidence in the record that such sink holes and other forms of washouts were not unknown at this location. Evidence of the repairs of these problems around the apartment complex grounds, including the pouring of concrete into some of the holes and/or washouts, was also presented. Therefore, by the presence of these known problems, I am of the opinion that both the City of Monroe and Riverwood should have maintained a higher degree of constant garde over these | .¡common areas than they obviously did. Whether the injured person was a lessee, guest or visitor, there should at all times exist a reasonable expectation of safety in a common area such as this. Otherwise, pay your rent ... take your chances.
The ruling of the trial court should be reversed and remanded for further proceedings.