Judge Joy Cossich Lobrano
Erica Mann, plaintiff/appellant, has appealed from a summary judgment granted in favor of Evanston Insurance Company ("Evanston"). Evanston is one of the insurers of Tim Clark Construction LLC ("TCC"), the company hired by Mann to raise her home following Hurricane Katrina in 2005. After a review of the record and applicable law, we vacate the judgment of the district court and remand the matter for further proceedings.
In October, 2010, Mann entered into a contract with TCC to elevate her home (hereinafter "the project"). This was done after Hurricane Katrina in conjunction with the state's Hazard Mitigation Grant Program.
TCC had a series of insurers; Evanston insured TCC for the period of March 3, 2014 to March 3, 2015. Evanston's policy contains the commonly-used commercial general liability form, that includes coverage for bodily injury and property damage (coverage A), which is at issue here. Briefly, *505 this is an "occurrence policy" requiring that the bodily injury and/or property damage occur during the policy period. In addition, the policy contains a pre-existing injury, loss or damage endorsement, excluding from coverage any damage or loss that began to occur "from an occurrence which first occurred, began to occur, or is alleged to have occurred prior to the inception date of this policy."
It is undisputed that TCC began work on the project at the end of 2011. On March 12, 2012, TCC obtained a certificate of occupancy and completion. Elevation studies performed in March allegedly showed that the house was not elevated to proper levels. Mann informed TCC on June 28, 2012, that it had not completed the project as agreed, that the work was improperly performed, and that the house failed inspection. In her petition, Mann alleged that TCC caused physical damages to her home and property, which caused her emotional distress, both of which continue to this day.
In her petition, as confirmed in her deposition, Mann maintains that she first noted damage to her property in the fall of 2011. The second phase of the project took place in 2012, in which TCC attempted to correct the damage it caused. After more problems, the third phase of the project took place in 2013.
Evanston filed a motion for summary judgment based on Mann's deposition and the express language of the Evanston policy, arguing that its policy did not provide coverage for any of Mann's damages; it prayed for a complete dismissal of all Mann's claims against it with prejudice. Mann opposed the motion and filed a cross-motion for partial summary judgment against Evanston, in which she made 35 requests for relief. Both motions were heard by the district court on September 1, 2017. The transcript of the hearing is in the appellate record. The district court reached a ruling at the hearing that was memorialized in a September 12, 2017 judgment.
The district court found that Evanston had carried its burden of proof on summary judgment and that the pre-existing endorsement was applicable, unambiguous, and enforceable. Thus, judgment was granted in Evanston's favor dismissing all of Mann's claims against it with prejudice.
With regard to Mann's cross-motion for summary judgment, the district court granted some of the requests for relief against Evanston, denied others, while some were deferred, presumably until trial. A vast majority of Mann's claims concerned the interpretation of Evanston's policy provisions.
As noted by Mann, the district court's judgment is patently inconsistent. While it dismissed all of Mann's claims against Evanston with prejudice, it granted certain items of relief in Mann's favor under the Evanston policy. Evanston cannot be dismissed with prejudice while some of Mann's claims against it are retained.
This court cannot determine if the district court intended to grant partial summary judgment in Evanston's favor with regard to the pre-existing endorsement alone or dismiss all of Mann's claims against it. That the district court intended to grant a partial summary judgment in Evanston's favor is the only way to reconcile the inconsistencies in the judgment before us.
"A valid judgment must be precise, definite, and certain." Laird v. St. Tammany Parish Safe Harbor, 02-0045, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. In Bouton v. State, Dept. of Transp. and Development, 07-0422 (La. 4/05/07), 953 So.2d 56, the Court granted the writ, vacated *506 the judgment of the appellate court, and remanded the matter to the trial court for clarification. It stated:
Granted. Although the court of appeal found the trial court determined the insurer's duty to defend based on the allegations of relator's third-party demand, the trial court's reasons for judgment indicate it relied on the allegations of both plaintiffs' petition and the third party demand. Because it is unclear whether the trial court could have concluded the insurer had a duty to defend relator based on the allegations of plaintiffs' petition alone, we will remand the case to the trial court to clarify its ruling. See Steptore v. Masco Construction Company, Inc., 93-2064 (La. 8/18[/]94), 643 So.2d 1213.
Id. at p. 1, 953 So.2d at 57.
In Barnes v. Riverwood Apartments Partnership, 42,912 (La.App. 2 Cir. 02/06/08), 975 So.2d 720, the court vacated the district court's judgment and remanded it for clarification because the jury's responses to the interrogatories given them to reach a judgment were inconsistent. The court stated:
This final judgment presents two inconsistent outcomes. Under the jury's interrogatories, the fault is allocated equally among the three parties and Mr. Barnes will receive from Riverwood at least a portion of the $5,000 special damage award. Reading further in the final judgment, however, the trial court rules in favor of Riverwood and its insurer and dismisses Mr. Barnes' claims thereby indicating that Mr. Barnes would receive no damage award.
Id. at p. 4, 975 So.2d at 722.
We find an analogous situation herein. Either Evanston is dismissed from this case or only parts of Mann's allegations based on various policy provisions have been dismissed and Evanston remains a defendant. For these reasons, the judgment must be clarified by the district court.
Based on the foregoing, we vacate the judgment of the district court and remand the matter for further proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED.