PEATROSS, J.
hln this workers’ compensation case, the claimant, Lynn Morgan, appeals a judgment of the Workers’ Compensation Judge (“WCJ”) finding that he failed to prove by clear and convincing evidence that he is permanently and totally disabled and declining to rule on the issue of entitlement to supplemental earnings benefits (“SEBs”). For the reasons stated herein, we affirm.

FACTS

Mr. Morgan was injured in 2002 while rebuilding a 2-liter soda case display during his employment with Glazer Wholesale Drug Co. (“Glazer”). The injury was undisputed by Glazer and Mr. Morgan began receiving total temporary disability benefits (“TTDs”) following the accident. He underwent a microdiscectomy of a rup *420 tured vertebral disk by Dr. Pierce Nunley, but continues to have chronic pain in his back and is under the care of pain management specialist Dr. Kathleen Majors. Mr. Morgan takes a variety of narcotic pain medications daily, including Oxycodone. At least one physician recommended weaning Mr. Morgan off of the most potent of the narcotic pain medications. A reading of the transcript reveals, however, that Mr. Morgan desires to continue the narcotic pain management therapy under Dr. Majors and appeared heavily medicated on the date of the hearing in this matter. As a result of the chronic pain, Mr. Morgan apparently suffers from depression and received an evaluation and medication from a psychiatrist at LSUHSC. Notably, in 2006, Dr. Nunley recommended a fusion surgery, which Mr. Morgan declined.
12After receiving TTDs for approximately eight years, Mr. Morgan filed the instant Disputed Claim for Compensation form seeking “a determination by the OWC that he is permanently and totally disabled” pursuant to La. R.S. 23:1221(2). Mr. Morgan’s TTD benefits were soon to expire-after 520 weeks of benefits.
The matter was tried on August 10, 2010. Mr. Morgan testified at the hearing and his medical records, as well as physicians’ depositions, were introduced. Following the hearing, the WCJ deferred ruling and ordered vocational rehabilitation assessments, which were completed and filed into the record. The WCJ ultimately found that Mr. Morgan was able to work but for his chronic pain. The WCJ ruled, therefore, that Mr. Morgan had failed to prove he was permanently and totally disabled. The WCJ declined to rule on Mr. Morgan’s entitlement to SEBs, stating in his written reasons for judgment that the court had “not been asked to resolve that issue.” Mr. Morgan’s claim was dismissed with prejudice. This appeal ensued.

DISCUSSION

On appeal, Mr. Morgan raises the following assignments of error:
1. The WCJ’s judgment finding that Mr. Morgan was unable to work only because of his chronic pain, without considering the effects of Mr. Morgan’s accident-related mental injury, was manifestly erroneous and clearly wrong.
2. The WCJ’s failure to decide whether Mr. Morgan is entitled to Supplemental Earnings Benefits, which is encompassed in the sole issue presented to the court, nature and extent of claimant’s disability, is the result of legal error, and the legal error was prejudicial to claimant’s case.
3. The WCJ’s failure to incorporate the stipulation of the parties regarding the defendant’s payment of Temporary Total | .^Disability benefits into the judgment was an abuse of discretion, was legal error, and the legal error was prejudicial to claimant’s case.

Permanent Total Disability

The relevant provisions regarding permanent total disability are found in La. R.S. 23:1221(2), which states, in pertinent part:
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (2)(a) of this Paragraph, compensation for per *421 manent total disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subpar-agraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
Thus, a workers’ compensation claimant seeking permanent total disability benefits bears the burden of proving, by clear and convincing evidence, his inability to engage in any type of employment. Frye v. Olan Mills, 44,192 (La.App.2d Cir.4/8/09), 7 So.3d 201, citing Greis v. Lake Charles Memorial Hospital, 97-1258 (La.App. 3d Cir.3/6/98), 709 So.2d 986, writs denied, 98-0937 & 98-0939 (La.5/15/98), 719 So.2d 467.
Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ. Harris v. Casino Magic, 38,137 (La.App.2d Cir.1/28/04), 865 So.2d 301, writ denied, 04-0502 (La.4/8/04), 870 So.2d 275. The factual findings of the WCJ are subject to the manifest error standard of appellate review. Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112. The appellate court does not determine whether the WCJ’s factual findings and credibility calls are right or wrong, but only whether they are reasonable. Buxton v. Iowa Police Dept., 09-0520 (La.10/20/09), 23 So.3d 275. The manifest error standard applies even when the WCJ’s decision is based upon written reports, records or depositions. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992); Alexander v. Brookshire Grocery Co., 42,855 (La.App.2d Cir.1/9/08), 975 So.2d 100, writ denied, 08-0503 (La.4/25/08), 978 So.2d 367.
When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own inferences and evaluations are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1993).
|sAs a general rule, the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice. Frye v. Olan Mills, supra. The treating physician’s testimony is not irrebuttable, however, and the trier of fact is required to weigh the testimony of all medical witnesses. Id., citing Mosley v. Pennzoil Quaker State, 37,199 (La.App.2d Cir.7/23/03), 850 So.2d 1100, writ denied, 03-2412 (La.11/21/03), 860 So.2d 553.
Following the 1983 amendments to the workers’ compensation statute, evidence that an employee could not return to *422 any gainful employment without suffering substantial pain is no longer sufficient to support an award of permanent total disability benefits. Bank of Winnfield and Trust Co. v. Collins, 31,473 (La.App.2d Cir.2/24/99), 736 So.2d 263.
In the case sub judice, Mr. Morgan suffered a back injury and had one back surgery to repair a ruptured disk. As previously noted, Dr. Nunley suggested a second surgery, but Mr. Morgan was not receptive to that plan of treatment. Instead, Mr. Morgan opted for continued pain management treatment with Dr. Majors. In written reasons for ruling, the WCJ noted that “all three of the physicians whose depositions are in evidence agree that Mr. Morgan’s disability stems from his pain, and not from any underlying physical condition.” Most significantly, Dr. Majors, Mr. Morgan’s treating physician, opined that Mr. Morgan was unable to work, but she agreed that it was Mr. Morgan’s pain that was preventing him from re-entering the work force.
| fiThe WCJ also relied on the deposition testimony of Dr. Randall Brewer, who performed an IME on Mr. Morgan. While Dr. Brewer opined that Mr. Morgan did not appear able to work at the time of his examination, he described Mr. Morgan as having fallen into the “disability role,” which Dr. Brewer explained as follows:
[Mr. Morgan] has not returned to work despite, you know, many attempts at therapy, including the uses of injection and surgery as well as, you know, treatment for his depression and seems to have become fixed or intrenched (sic) in to the disability role insofar as he’s not severely, physically disabled but he’s still unable to work despite all of his treatment. So that’s to me a disability role—
[[Image here]]
And I didn’t see evidence that he had a high level of motivation to return to work, to sort of do whatever it takes to go back to work. I did not — I did not get that sense from him. He — you know, if you think you can, you can, right. If you don’t, you don’t and you can’t.
So I didn’t get the sense from him that he felt like he could go back to work, that he had enough self confidence, enough confidence in his treating providers, enough confidence in his disability system. You know, he’s — that’s the disability role that I see. What whatever the ultimate core issue is there, I’m not sure of. But [Mr. Morgan] did not impress me that he was ready to go back to work, and there’s no physical explanation outside of pain for that. So that’s a disability role.
According to Dr. Brewer, Mr. Morgan was not “physically disabled,” nor did he have a “debilitating condition.” Dr. Brewer recommended weaning Mr. Morgan off the narcotic medications and in-patient rehabilitation treatment such as that offered at the Mayo Clinic and the possibility of a spinal cord stimulator to alleviate pain. He did not believe that Mr. Morgan would progress or improve without the assistance of a rehabilitation program. Mr. Morgan was not receptive to any of these options.
17Pr. Carl Goodman, an expert in orthopedic and spinal surgery, saw Mr. Morgan on three occasions and testified by deposition. Dr. Goodman’s initial evaluation was an IME of Mr. Morgan in 2003 following the accident, wherein he concurred with the recommendation for lumbar surgery. Dr. Goodman then saw Mr. Morgan in December 2003, six months postoperative, at which time he concluded that Mr. Morgan was at maximum medical improvement. While Dr. Goodman deferred to an FCE, he opined that Mr. Morgan could do *423 light duty work at that time. Dr. Goodman next saw Mr. Morgan in February 2010. Based solely on Mr. Morgan’s complaints of pain, Dr. Goodman made a notation in his records of the February 2010 examination that Mr. Morgan was unable to work. Dr. Goodman expressly testified that, in his opinion, Mr. Morgan’s alleged inability to work was based solely on complaints of pain.
Attached to Dr. Goodman’s deposition was the report of Dr. Phillip Osborne, an occupational medicine specialist, who conducted an FCE on Mr. Morgan in February 2004. During the evaluation, Mr. Morgan completed only the step test; he “simply would not do the other testing” and Dr. Osborne noted that he was not getting proper effort from the patient as per guidelines. Thus, Dr. Osborne was constrained to attribute only light duty restrictions to Mr. Morgan. With a normal EMG and no findings of radiculopathy, Mr. Morgan was classified as a Category II with five percent impairment of function under the American Medical Association Guides to the Evaluation of Permanent Impairment. In Dr. Osborne’s opinion, Mr. Morgan could “do most any light duty job.”
|sIn addition, Mr. Morgan testified as follows:
Q: Mr. Morgan, based on your understanding of your current condition and your current symptoms, do you feel there is any kind of work that you can do?
A: No. I wouldn’t know, I mean, my pain let me know that nothing I can do, you know.
[[Image here]]
Q: Mr. Morgan, you don’t think you could do a job that you would have to sit for a little while and then you could get up and take stretch breaks?
A: Well, it probably could be done but I don’t think I would be able to do it because of my pain is what I’m saying. I’m in tremendous pain, you know I’m saying. And my pain won’t let me do what’s to be done, you know, thinking of it. My injury is not a little injury for me.
Following our review of the testimony and documentary evidence in this case, we find no manifest error in the WCJ’s conclusion that Mr. Morgan failed to prove by clear and convincing evidence that he is permanently totally disabled. Clear and convincing evidence is an intermediate standard of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. Traweek v. City of West Monroe, 30,571 (La.App.2d Cir.5/13/98), 713 So.2d 655, writ denied, 98-1936 (La.11/6/98), 727 So.2d 449. The record before us simply does not contain clear and convincing evidence of permanent and total disability. The evidence overwhelmingly reveals that Mr. Morgan’s complaints of pain are keeping him from working. In addition, Mr. Morgan was twice evaluated by licensed rehabilitation counselors. The Vocational Activity Report completed by Tracy Richardson in 2004 concludes that Mr. Morgan was employable and capable of light duty work at that time. [ 9On the other hand, Richard Galloway evaluated Mr. Morgan on September 17, 2010, and concluded that, although Mr. Morgan can perform sedentary functions, “there would be no jobs existing in the local or regional economy that Mr. Morgan could be expected to perform on a day-to-day basis.”
Again, complaints of pain alone are insufficient to support permanent and total disability and the evidence of record provides a reasonable basis for the WCJ’s *424 conclusion that Mr. Morgan can work, but for his subjective complaints of pain. Bank of Winnfield and Trust Co. v. Collins, supra.
Mr. Morgan also argues that the WCJ erred by not awarding him permanent total disability status based on a mental injury, i.e., his depression, stemming from his work-related injury. We first note that this alleged mental injury was not argued to the WCJ as a basis for permanent disability. In any event, we will discuss the relevant evidence found in the record concerning Mr. Morgan’s depression secondary to his chronic pain.
Dr. Majors referred Mr. Morgan for psychiatric evaluation at LSUHSC due to his violation of the narcotics contract, ie., he overused the narcotic pain medication Percocet due to breakthrough episodes of pain. Mr. Morgan was evaluated by Dr. R. Kent Dean, a specialist in addictive medicine, who found Mr. Morgan to be “mildly anxious and depressed.” Dr. Dean’s commentary to Dr. Majors indicates that he has “no concern about Mr. Morgan’s emotional state” and that the antidepressant medications had improved and/or resolved his symptoms of depression. The only other psychiatric evidence in the record consists of several | inoutpatient visits to LSUHSC. In any event, we do not find this evidence to provide a sufficient basis to support an award of permanent and total disability status to Mr. Morgan based on his alleged mental injury.
La. R.S. 23:1021(8)(b), (c) and (d) address mental injury sustained by employees, as follows:
(b)Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
There is no dispute, and the WCJ acknowledged, that Mr. Morgan suffers from depression to some degree stemming from his injury and resulting disability. The record, however, contains no evidence that depression is the cause of Mr. Morgan’s alleged inability to re-enter the work force. Indeed, Mr. Morgan’s above-quoted testimony placed the cause of his alleged inability to work on his pain. Neither of the vocational evaluations cited a mental injury or condition as a basis for concluding that Mr. Morgan was |nunable to find employment. Finally, Mr. Morgan presented no medical opinion that a mental injury was causing his alleged inability to work. Furthermore, there was no evidence presented that Mr. Morgan’s diagnosis meets the criteria of the American Psychiatric Association. We, therefore, find this argument to be without merit.

*425
Failure to Determine entitlement to SEBs

As previously stated, Mr. Morgan was receiving TTDs, and had been for eight years, at the time he filed the current disputed claim for compensation. The stated purpose of the disputed claim was to determine whether he was permanently and totally disabled, which would allow him to continue to receive benefits past the 520-week TTD limitation. From reading the various colloquies among the attorneys and the WCJ regarding what was to be determined at the hearing, we glean that all parties agreed that Mr. Morgan was entitled to some level of benefits. In the event Mr. Morgan was found to be not permanently and totally disabled, it is apparent from the discussion on the record that all parties intended that he would continue to receive TTDs until the expiration of 520 weeks. The issue of entitlement to SEBs was not placed before the WCJ, as Mr. Morgan was currently receiving TTDs and would continue to receive TTDs under the ruling of the WCJ, providing he was still within the 520-week limit. Any further or additional benefits require refiling on the part of Mr. Morgan.

112iStipulation of the Parties

In his third assignment of error, Mr. Morgan argues that the WCJ erred by refusing to incorporate the “stipulations” of the parties regarding his receipt of TTDs in the final judgment. The record contains a clear recitation of undisputed facts by the respective attorneys. Mr. Morgan was, by agreement, receiving TTDs at the time of the filing of his disputed claim. The payment of those benefits was not before the WCJ, nor is it before this court. The judgment in no way prejudices Mr. Morgan by its failure to list his receipt of TTDs as a stipulated fact.

CONCLUSION

For the foregoing reasons, the judgment of the Workers’ Compensation Judge finding that the claimant, Lynn Morgan, is not entitled to permanent and total disability benefits is affirmed at the cost of Mr. Morgan.
AFFIRMED.