PITMAN, J.
| Claimant Lynn Morgan appeals the judgment of the Workers’ Compensation Judge (‘WCJ”) which denied his demands against his employer, Glazers Wholesale Drug Company (“Glazers”), for psychiatric treatment and workers’ compensation indemnity benefits on the basis that he failed to prove the treatment was medically necessary or that indemnity benefits were owed. For the following reasons, we affirm.

*297
FACTS

In July 2002, Claimant injured his lower back while working for Glazers. He began receiving temporary total disability (“TTD”) benefits as a result of the accident and subsequently underwent a microdis-cectomy surgery of one disc in his lumbar spine in 2003. He received benefits for more than 520 weeks.
Claimant continued to experience pain in the years following his back surgery, suffered from depression and, in 2005, began seeing Dr. Kathleen Majors, a pain management specialist, who prescribed pain medication for him. Claimant subsequently admitted to once abusing his pain medication. In 2008, Dr. Majors referred him to Dr. R. Kent Dean, a psychologist whose specialty is addiction medicine. Dr. Dean performed a psychological evaluation and reported that Claimant “does acknowledge a personal history of depression.” Dr. Dean also stated, “Affect is anxious and mood is only mildly depressed, but it is appropriate to the thought content of the need for this assessment.”[1]
| {.Claimant also saw psychiatrists at LSUHSC from 2008 through 2010 until the last treating physician left the facility. These visits to the psychiatric outpatient clinic at LSUHSC are documented by reports found in Claimant’s medical record.
During the time of his psychiatric treatment at LSUHSC, Claimant was taking the antidepressant Effexor. In 2011, after taking Effexor for ten months, Claimant suffered a seizure and was taken off that medication. Since no new psychiatrist had been assigned to Claimant after the first one left LSUHSC, Dr. Majors continued to treat him for his pain and depression. Claimant was not prescribed antidepressants for approximately a year and seemed to experience no change in his psyche. Eventually, he complained to Dr. Majors that he was depressed, at which time she prescribed Cymbalta for him. She did not believe Claimant was suicidal and, in fact, believed he was seeing positive results from the Cymbalta regimen.
At the request of Glazers, Claimant was examined by Dr. Randall Brewer, a pain management physician. In addition to physical symptoms, Dr. Brewer’s notes indicated that Claimant suffered from sleep disruption, depression and anxiety. Dr. Brewer recommended that Claimant undergo individual and group psychotherapy to optimize coping strategies, illness behavior, disability role status and supportive psychotherapy.
THE FIRST CLAIM
Approximately seven years post accident, Claimant filed an initial disputed claim for compensation, contending that his injuries were so severe |ahe was permanently and totally disabled. Glazers opposed the claim, conceding that Claimant’s injuries were permanent, but denying that they produced total disability. After trial, the WCJ found that Claimant had failed to prove that his injuries entitled him to permanent total disability benefits. The WCJ dismissed his claim since the overwhelming evidence revealed that chronic pain, not total disability, was the reason he could not work. The judgment, in which the WCJ declined to rule on the issue of *298 Claimant’s entitlement to supplemental earnings benefits (“SEBs”), was appealed to, and affirmed by, this court. See Morgan v. Glazers Wholesale Drug Co., 46,692 (La.App.2d Cir.11/2/11), 79 So.3d 417.
In that appeal, Claimant contested the WCJ’s ruling finding he was unable to work solely because of his chronic pain, without considering the effects of his accident-related mental injury, as manifestly erroneous and clearly wrong. In affirming the judgment of the WCJ, this court noted that Claimant had failed to argue the alleged mental injury to the WCJ as a basis, for permanent disability. Despite this fact, the court discussed the relevant evidence found in the record concerning his depression secondary to his chronic pain, which included the records from the Psychiatry Outpatient Clinic at LSUHSC.
After discussing the law concerning mental injury sustained by employees, and the evidence in the record regarding this claimant, this court stated as follows:
There is no dispute, and the WCJ acknowledged, that Mr. Morgan suffers from depression to some degree stemming from his injury and resulting disability. The record, however, contains no evidence that depression is the cause of |4Mr. Morgan’s alleged inability to reenter the work force. Indeed, Mr. Morgan’s above-quoted testimony placed the cause of his alleged inability to work on his pain. Neither of the vocational evaluations cited a mental injury or condition as a basis for concluding that Mr. Morgan was unable to find employment. Finally, Mr. Morgan presented no medical opinion that a mental injury was causing his alleged inability to work. Furthermore, there was no evidence presented that Mr. Morgan’s diagnosis meets the criteria of the American Psychiatric Association. Morgan v. Glazers Wholesale Drug Company, 79 So.3d at 424.
This court concluded that Claimant was not entitled to permanent and total disability benefits.
THE SECOND AND CURRENT CLAIM
After the above appeal opinion was rendered, Claimant and his attorney approached Dr. Majors and requested that she recommend psychiatric treatment for his depression. In her follow-up with Claimant, she determined that he was not suicidal and that his agreed-to trial of Cymbalta had given him some beneficial results. Dr. Majors declined to order the psychiatric treatment on the basis that she did not believe it was medically necessary.
Despite this fact, in 2012, Claimant filed a second disputed claim for compensation seeking to compel Glazers to approve and pay for his choice of physician in the field of psychiatry and for the continued payment of TTD benefits during any period in which he was disabled as a result of his psychiatric condition. He claimed his psychiatric condition and depression resulted from his pain and his disability from his failed back surgery. He also sought penalties and attorney fees for the insurer’s failure to approve | Bhis choice of physician and/or for the arbitrary and capricious discontinuation of reasonable and necessary medical treatment.
Claimant filed a motion to compel the approval of his choice of physician and requested an expedited hearing. He requested that Glazers be ordered to show cause why it should not be compelled to authorize and pay for the examination and any reasonable and necessary treatment by Dr. Kyle Runnels, a psychiatrist, and why it should not be ordered to pay penalties and attorney fees. Alternatively, Claimant prayed that his right to bring a *299 claim for statutory penalties and attorney fees be reserved to him.
The request for expedited hearing was granted. At the hearing, Claimant introduced the same evidence regarding his alleged mental injury as he had at his previous trial, including the depositions of Drs. Majors and Brewer ánd the notes from the LSUHSC Psychiatric Outpatient Center. He also introduced a newer deposition of Dr. Majors taken in September 2012, in which she testified that she treats her patients for depression with one antidepressant; and, if the patient requires a combination therapy, she usually refers him to a psychiatrist. When asked specifically about Claimant’s depression, she testified that it had “waxed and waned” over the years she treated him. She further testified that, after Claimant discontinued the Effexor, he went without an antidepressant for some time. When he requested a referral to a psychiatrist, she determined that it was not necessary at that time and wrote a note stating, ‘We’re going to trial antidepressant. I think this is reasonable. He’s not suicidal, nor has he had suicidal ideation.” She further noted that, if the depression became more | (¡severe, she would refer him to a psychiatrist. Dr. Majors stated that Claimant’s depression was work-related and that she had affirmed that opinion with an insurance adjuster, but she also believed that Claimant did not need psychiatric treatment at that time. She stated that she had increased Claimant’s Cymbalta and that it appeared to be helping him. Although she believed it “would be great” if he could be followed by a psychiatrist, she opined, “He seems to be stable now.”
The WCJ rendered judgment in favor of Glazers and against Claimant not only denying his demand for psychiatric treatment based on his failure to prove that such treatment was medically necessary as required by La. R.S. 23:1203, but also denying his demand for workers’ compensation indemnity benefits including, but not limited to, TTD benefits and SEBs. Further, his demand for penalties and attorney fees was denied.
In regard to Claimant’s request for TTD benefits, the WCJ noted that, although mental injury is a compensable injury under some circumstances found in the Louisiana Workers’ Compensation Act (“LWCA”), this particular claimant offered nothing new to show that he was in need of psychiatric treatment and could not prove a compensable mental injury under La. R.S. 23:1021(8). Both parties filed motions for new trial, which were denied by the WCJ, a judgment appealed by both Claimant and Glazers.

DISCUSSION

Claimant contends that the WCJ erred in denying him the right to treatment by a psychiatrist, as well as in denying him any benefits for his 17alleged mental injury. Claimant argues that the WCJ’s judgment was based on legal error, was prejudicial to his case and was manifestly erroneous and clearly wrong in that it was based on improper weight afforded to the testimony of the treating physician vis a vis the testimony of the other medical witnesses and medical records in evidence. He also asserts that the judgment and ruling sharply depart from the jurisprudential rules requiring the liberal construction óf the provisions of the workers’ compensation statute in favor of the injured employee.
Claimant further argues that the WCJ’s decision on the issue of the nature and extent of his disability, until the requested psychiatric evaluations have been completed, is legal error which was prejudicial to his case. He states that it is undisputed that he suffers from depression, and has *300 suffered from depression, for the years since his back injury. His depression is being treated by his pain management physician, not a psychiatrist. He contends that, until he is granted the evaluation and treatment by a psychiatrist, he is unable to prove his entitlement to indemnity benefits related to his mental injury and depression. For these reasons, he asserts that the denial of benefits was premature until he is afforded the opportunity to seek consultation and examination with a psychiatrist.
In answer to Claimant’s appeal, Glazer argues that Claimant has now had two opportunities to raise and prove his claim of a compensable mental injury under the LWCA, but that he has failed both times to convince the WCJ that he is entitled to the relief he seeks. Glazer points out that Claimant has already been evaluated by his own choice of psychiatrists at IsLSUHSC for whatever mental injury he sustained as a result of his on-the-job accident or as to any other psychiatric condition, but failed to introduce anything other than medical records with regard to this psychiatric treatment. Glazers also argues that Claimant could have consulted with a psychiatrist of his own choosing and at his own cost in an effort to prove medical necessity for the treatment he sought, but he failed to introduce such evidence at the trial on the merits. For those reasons, Glazers contends that the WCJ correctly found that Claimant had offered insufficient proof to establish the totality of his disability and the medical necessity for psychiatric treatment.
In its appeal, Glazers argues that the WCJ never addressed the issue of whether Claimant satisfied his burden proving his mental injuries are compensable under the LWCA. Although the WCJ determined that Claimant had not proved that psychiatric treatment was medically necessary, Glazers argues that the silence in the judgment regarding compensability creates an issue as to whether the judgment is, in effect, a denial of the compensability. It states that it is only seeking a clarification of the judgment because whether the injury is compensable should have been the first prong of inquiry.
The relevant provision regarding temporary total disability is found in La. R.S. 28:1221(1), which states, in pertinent part:
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, [straining, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (l)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (l)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subpar-agraph (l)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the na *301 ture or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
A claimant seeking temporary total disability benefits under the LWCA bears the burden of proving by clear and convincing evidence that his injury prevents him from engaging in any employment. Harvey v. B E & K Const., 30,825 (La.App.2d Cir.8/19/98), 716 So.2d 514.
La. R.S. 23:1203 obligates employers to furnish “all necessary ... medical and surgical treatment” to an employee injured in a compensable accident. It is incumbent upon the employee seeking medical benefits to prove that the treatment sought is “reasonably necessary for treatment of a medical condition caused by a work-related injury.” Pardee v. Forest Haven Nursing Home, 42,321 (La.App.2d Cir.6/20/07), 960 So.2d 1216.
La. R.S. 23:1021 defines injury and mental injury for purposes of the LWCA and states as follows:
|1ft(8)(a) “Injury” and “personal injuries” include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
[[Image here]]
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
Thus, the law establishes that mental injury caused by physical injury can be established by clear and convincing evidence as long as the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established in the Diagnostic and Statistical Manual of Mental Disorders.
Where a mental injury or illness develops secondary to a physical injury sustained in a work-related accident, an employee is entitled to compensation benefits for any disability resulting from the mental injury and to reimbursement for mental treatment medical expenses. Weeks v. Angelo Iafrate Const. Co., 37,255 (La.App.2d Cir.6/25/03), 850 So.2d 966. In Weeks, this court found that the WCJ did not abuse his discretion by denying the claimant’s request for an employer-paid psychological evaluation. The claimant offered no psychiatric testimony to substantiate Inhis claim of mental injury, and only physicians in other specialties suggested further psychiatric or psychological testing as a possible treatment.
La. R.S. 23:1121 concerns the appointment of a treating physician and states, in pertinent part, as follows:
B. (1) The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to an expedited sum *302 mary proceeding pursuant to R.S. 23:1201.1(K)(8), when denied his right to an initial physician of choice.... After his initial' choice the employee shall obtain prior consent from the employer or his workers’ compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
[[Image here]]
D. After all examinations have been conducted but prior to any order directing the injured employee to return to work, the employee shall be permitted, at his own expense, to consult with and be examined by a physician of his own choosing. Such report shall be considered in addition to all other medical reports in determining the injured employee’s fitness to return to work. Should disagreement exist, after such consultation and examination, as to the fitness of the employee to return to work, the provisions of R.S. 28:1123 shall be followed.
Under the LWCA, the provision that the employee has a right to select a physician in any field or specialty must be read in conjunction with the provision requiring that the treatment sought be medically necessary in order for the employer to be responsible for the expenses. La. R.S. 23:1121(B), 23:1203(A). Captain v. Citgo Petroleum Corp., 06-481 (La.App.3d Cir.9/27/06), 940 So.2d 731. See also, Brantley v. Delta Ridge Implement, Inc., 41,190 (La.App.2d Cir.6/28/06), 935 So.2d 308, in which this court found a claimant had failed to prove medical necessity for a [ ^change in physician to a different field or specialty when three treating physicians reported surgical intervention was not necessary.
In a workers’ compensation case, the appellate court’s review is governed by the manifest error or clearly wrong standard. Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ. Unless shown to be clearly wrong, the trial court’s factual findings of work-related disability will not be disturbed where there is evidence which, upon the trier of fact’s reasonable evaluation of credibility, furnishes a reasonable, factual basis for those findings. Morgan, supra.
Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. In a workers’ compensation case, the general rule is that the testimony of a treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice; however, the treating physician’s testimony is not irrebuttable, and the trier of fact is required to weigh the testimony of all medical witnesses. The claimant bears the burden of demonstrating by a preponderance of the evidence that an employment accident resulted in disability. Kendrick v. Solo Cup, 44,303 (La.App.2d Cir.6/3/09), 15 So.3d 295.
After a review of the testimony and documentary evidence in the case sub ju-dice, we find no abuse of discretion in the WCJ’s conclusion that Claimant failed to prove the medical necessity of the psychiatric treatment | ishe requested as required by La. R.S. 23:1203. The deposition testimony of his treating physician, Dr. Majors, indicated she did not believe that psychiatric treatment for Claimant was necessary at the time she was deposed. She stated that the trial of Cymbalta appeared to be *303 helping Claimant and that she would refer him to a psychiatrist if it became necessary in the future.
Further, we find no manifest error in the WCJ’s conclusion that Claimant failed to prove by clear and convincing evidence that he is entitled to TTD benefits. While there was evidence presented that Claimant was depressed, the law requires that, to be compensable, the mental injury or illness must be diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition must meet the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association. The only evidence Claimant introduced with regard to any psychiatric treatment he had already received was documentary evidence from the LSUHSC Psychiatric Outpatient Clinic. He presented no evidence meeting the requirements for compensation under La. R.S. 28:1021.
We, therefore, find these arguments to be without merit.
Glazers has argued that the WCJ erred in failing to rule on whether Claimant suffered a compensable mental injury and, instead, simply ruled that the psychiatric evaluation sought by Claimant was not medically necessary. Generally, when a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied. M.J. Farms, Ltd. v. 1 uExxon Mobil Corp., 07-2371 (La.7/1/08), 998 So.2d 16. Appellate courts review judgments, not reasons for judgment. See Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, citing Bellard v. American Cent. Ins. Co., 07-1335 (La.4/18/08), 980 So.2d 654; Greater New Orleans Expressway Comm. v. Olivier, 02-2795 (La.11/18/03), 860 So.2d 22, and La. C.C.P. arts.1918, 2082 and 2083. The reasons for judgment are merely an explication of the trial court’s determinations. They do not alter, amend or affect the final judgment being appealed. Wooley, supra, citing State in the Interest of Mason, 356 So.2d 530 (La.App. 1st Cir.1977).
In this case, the WCJ denied Claimant all the relief he sought, i.e., psychiatric evaluation and treatment, as well as TTD benefits. Therefore, the WCJ’s judgment against him, and in favor of Glazers, determined he had not proven that he suffered a compensable mental injury. Glazers’ request that this court somehow review, address or change the WCJ’s reasons for denying Claimant’s relief is without merit. That is not the function of this court.

CONCLUSION

Based on the foregoing, the judgment of the WCJ denying the psychiatric evaluation and treatment of Lynn Morgan and denying him temporary total disability benefits is affirmed. Further, we find no error in the ruling of the WCJ as alleged by Glazers Wholesale Drug Company, and the judgment is affirmed in its entirety. Costs of this appeal are assessed equally to Lynn Morgan and Glazers Wholesale Drug Company.
AFFIRMED.

. In the reasons for judgment, the WCJ considered Dr. Dean’s evaluation and referred to it as a psychiatric evaluation at LSU Health Sciences Center ("LSUHSC”); however, Claimant points out that Dr. Dean is a psychologist, not a psychiatrist, and argues that he focused on the question presented to him by Dr. Majors regarding his violation of the narcotics contract. Claimant argues that he only saw Dr. Dean one time and contends that he was receiving psychiatric treatment at LSUHSC at the time of Dr. Dean’s evaluation in 2008.